IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARVIN A. PORTER, JR., | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:10-CV-0585 |
| PROGRESSIVE DIRECTIONS, INC., | ) |
| Defendant. | ) |

## CASE MANAGEMENT ORDER

**I. JURISDICTION AND VENUE.**

Jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 1331 and 1343. This action is brought under the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e, *et seq.* Venue is proper inasmuch as the facts that are alleged in the Complaint all occurred in the Middle District of Tennessee.

**II. THE PARTIES THEORIES OF THE CASE.**

    **A.    Plaintiff's Theory of the Case:**

Plaintiff Marvin Porter, Jr. started employment with Defendant on or about March 10, 2006. Plaintiff worked as a "training specialist" for Defendant, which meant that he worked with Defendant's clients who were either mentally or physically disabled.

On March 28, 2008, Defendant terminated Plaintiff's employment. On May 8, 2008, Plaintiff filed a charge of discrimination against Defendant. A true and correct copy is attached to the Complaint. The parties mediated the matter and on July 1, 2008, Plaintiff went back to work for Defendant.

1

Subsequent to his rehiring, Plaintiff was subject to a hostile work environment. He was given written warnings about work performance on November 14, 2008. He was given a second written warning on November 25, 2008, and a below satisfactory performance rating on December 12, 2008.

On January 19, 2009, Plaintiff received a third written warning for poor performance and was terminated the same day. Plaintiff did not commit any act of poor performance after he was rehired on July 1, 2008. The actions taken against him were pretextual. Plaintiff's termination was in relatiation for filing the previous EEOC charge. Plaintiff filed a charge of retaliation with the EEOC. The EEOC issued a right to sue letter dated April 20, 2010.

Plaintiff contends that as a result of this, he is entitled to compensatory damages, back pay, front pay (or reinstatement), and punitive damages, along with reasonable attorney's fees.

B. **Defendant's Theory of the Case:**

Defendant, Progressive Directions, Inc. ("PDI"), is a not-for-profit organization and provides services in Montgomery and Stewart counties to about 1,000 individuals and employs over 300 staff members. PDI provides services to individuals of all ages who are funded through Tennessee's Division of Mental Retardation Services. Thus, PDI must strictly comply with applicable State rules and regulations to ensure the safety of PDI's consumers.

On November 10, 2008, Plaintiff was given a disciplinary notice since Plaintiff threatened a mentally challenged individual in Plaintiff's care when, among other things, Plaintiff called the mentally challenged individual a snitch. On November 14, 2008, Plaintiff was given a disciplinary notice when Plaintiff threatened a co-worker, and used profanity in a threatening manner against the co-worker to the extent that the co-worker was afraid to come back to work. Due to these serious

2

violations of Company policy, Plaintiff was suspended without pay from November 17, 2008 through November 24, 2008. True and correct copies of the notices are attached to the Answer to Complaint.

On January 13, 2009, Plaintiff conducted personal business while on duty in violation of Company policy. On January 19, 2009, when PDI learned of the violation, Plaintiff was given a disciplinary notice for same and his employment was terminated that date. A true and correct copy of the notice is attached to the Answer to Complaint.

At all times, PDI complied with all applicable law such that, at the proper time in this proceeding, a grant of summary judgment will be appropriate.

### III. SCHEDULE OF PRETRIAL PROCEEDINGS.

#### A. Rule 26(a)(1) Disclosures by the Parties:

The Parties shall make their respective Rule 26(a)(1) by Monday, August 23, 2010.

#### B. Identification of the Issues:

1. Whether Plaintiff was terminated in violation of Title VII?

2. Whether Defendant had a non-discriminatory reason when it terminated the Plaintiff?

3. If there was a violation of one of the statutes, what are the measure of damages?

#### C. Other Pretrial Discovery Matters:

##### 1. Target Trial Date.

The parties request a trial date in September or October 2011. The case is set for a jury trial and the parties expect it to last 3 days.

##### 2. Deadline for Discovery.

All discovery shall be completed by the close of business on Friday, November 22, 2010.

3

Prior to the filing of any discovery-related motion, the parties shall schedule and conduct a telephone conference with the Magistrate Judge in a good-faith effort to resolve the dispute. There shall be no stay of discovery pending disposition of any motions.

3. **Dispositive Motions.**

All dispositive motions shall be filed by the close of business on Monday, December 20, 2010. A Response shall be filed by the close of business on Monday, January 24, 2010, or thirty-five (35) days after the dispositive motion is served on the opposing party. Any Reply shall be filed fourteen (14) days after the Response is served.

4. **Motions to Amend.**

Any motion to amend the pleadings or join parties shall be filed by the close of business on Monday August 30, 2010.

5. **Plaintiff's Rule 26 Expert Report.**

By the close of business on Monday, October 4, 2010, Plaintiff shall declare to the Defendant (not to file with the Court) the identity of his expert witnesses (if any), and provide all the information specified in Rule 26(a)(2)(B).

6. **Defendant's Rule 26 Expert Report.**

By the close of business on Friday, November 5, 2010, Defendant shall declare to the Plaintiff (not to file with the Court) the identity of their expert witnesses (if any), and provide all the information specified in Rule 26(a)(2)(B).

It is so **ORDERED**.

ENTERED this the ____ day of July, 2010.

_____
JULIET GRIFFIN

4

United States Magistrate Judge

APPROVED FOR ENTRY:

s/ Phillip L. Davidson
**PHILLIP L. DAVIDSON**, #6466
2400 Crestmoor Road, Ste. 107
Nashville, TN 37215
phil@pldavidson.com
615.386.7115

*Attorney for Plaintiff*


**SCRUGGS & LAND, PLLC**

By: /s Jeffrey A. Land
**JEFFREY A. LAND**, #15835
P.O. Box 120342
Nashville, TN 37212
jland@scruggs-land.com
901.335.7228

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that the foregoing has been filed electronically on this 20th day of July, 2010. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt and listed below. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Phillip L. Davidson, Esq.
2400 Crestmoor Road, Ste. 107
Nashville, Tennessee 37215

/s Jeffrey A. Land
**JEFFREY A. LAND**
